UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERICO MATIAS CRUZ,<br>    Plaintiff<br><br>    v.<br><br>DISCOVER FINANCIAL SERVICES INC., and DISCOVER BANK<br>    Defendants | No. 22 CV 2956<br><br>Judge Jeremy C. Daniel |

### ORDER

Minute entry related to R. 17. Defendants' motion to dismiss is granted for the reasons stated in this order. Plaintiff has 28 days to file an amended complaint provide he can do so consistent with the Federal Rules of Civil Procedure.

### STATEMENT

*Pro se* plaintiff Jerico Matias Cruz filed this action against Discover Financial Services, Inc. and Discover Bank (together, "Discover") alleging violations of the Equal Credit Opportunity Act, 15 § 1691 *et seq.* ("ECOA") and common law breach of contract.

According to the Complaint, Cruz applied for and obtained a Discover Personal Credit Card account in January 2022. R. 1 ¶¶ 4–6. In March 2022, Discover cancelled Cruz's account without permission due to a failure to verify his personal information. R. 1 ¶¶ 8–10. Cruz proceeded to file the instant action, arguing that Discover's actions were discriminatory in violation of the ECOA and breached his Card Member Agreement. *See generally id.* Discover now moves to dismiss Cruz's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 17.

"When analyzing the sufficiency of a complaint" pursuant to Rule 12(b)(6) "we construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Est. of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (internal citation omitted). The motion should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Cruz has failed to state a claim for either a violation of the ECOA or a common law breach of contract. The ECOA provides, in pertinent part, that:

> [i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract); (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a).

To state a claim under this section, Cruz "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir, 2010). To survive the motion to dismiss, Cruz must plausibly allege that Discover treated him less favorably because of his membership in a statutorily-protected category. *Davis*, 633 F.3d at 538 (citing *Moran Foods, Inc. v. Mid–Atlantic Mkt. Dev. Co.*, 476 F.3d 436, 441 (7th Cir. 2007))

Cruz's ECOA claim fails. Even when viewed in the light most favorable to Cruz, the complaint does not allege sufficient facts to permit an inference that Discover's cancellation of his account was discriminatory. *See Walton v. First Merch. Bank*, 772 F. App'x 349, 350 (7th Cir. 2019) (quoting *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (providing that, to state an ECOA claim, "plaintiffs must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"). Cruz alleges that he was discriminated against "on the basis of race, color, religion, national origin, sex or marital status, or age." R. 1 ¶ 27. But he does not specify the basis of the alleged discrimination or allege that Discover was even aware of his race, color, religion, national origin, sex or marital status, or age when it cancelled his account. Similarly, Cruz pleads no facts indicating he received government assistance or exercised a statutory right, or that Discover considered these factors when cancelling his account. R. 1 ¶ 28. Because the complaint contains no facts supporting a reasonable inference that Cruz was discriminated against, Cruz has failed to state a claim under the ECOA.

Cruz also fails to state a claim for breach of contract under Illinois law. To prevail on a breach of contract claim, a plaintiff must demonstrate "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by

the defendant; and (4) resultant injury to the plaintiff." *Burkhart v. Wolf Motors of Naperville, Inc.*, 61 N.E.3d 1155, 1159 (Ill. App. Ct. 2016).

Cruz has sufficiently alleged the existence of a valid and enforceable contract with Discover. R. 1 ¶¶ 4–8. But he fails to plausibly allege breach or damages. The Cardmember Agreement, which Cruz attached as an exhibit to the complaint, unambiguously provides that Discover has the right "cancel, suspend, or not renew your Account at any time without notice." *Id.* at 29. The complaint, however, offers no explanation of how Discover's cancellation of Cruz's account breached the Cardmember Agreement in light of this provision. Nor does Cruz explain how he was harmed by the cancellation. Because Cruz has failed to adequately allege breach or damages as required under Illinois law, Cruz has failed to state a claim for breach of contract.

Finally, having determined that Cruz's claims should be dismissed, I must now consider Discover's request that I do so with prejudice. R. 17 at 7–8. The time period for amendment as of right has expired, thus Cruz may only amend his complaint with written consent or leave of court. Fed. R. Civ. P 15(a). Discover argues that I should dismiss Cruz's claims with prejudice since any attempted amendment would be futile. But courts "should liberally grant leave to amend when the party seeking leave to amend appears *pro se*." *Garland v. Fairman*, No. 93 C 202, 1993 WL 387341, at *3 (N.D. Ill. Sept. 23, 1993). In light of Cruz's *pro se* status, it is appropriate to allow him another chance to plead his claims consistent with Federal Rule of Civil Procedure 11.

Accordingly, Discover's motion to dismiss is granted. Plaintiff will have 28 days to file an amended complaint if he can do so consistent with the Federal Rules of Civil Procedure.

Date: 8/28/2023

JEREMY C. DANIEL
United States District Judge

3